**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**CEDRIC CHARLES FIGGS,**
                **Petitioner,**

**-vs-**                                               **Case No. A-11-CA-303-LY**

**JUDGE CORBETT,**
                **Respondent.**
_____

**CEDRIC CHARLES FIGGS,**
                  **Petitioner,**

**-vs-**                                               **Case No. A-11-CA-307-LY**

**JUDGE TERRY L. FLENNIKEN,**
                  **Respondent.**
_____

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Lee Yeakel, United States District Judge

       The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

       Before the Court are Petitioner's applications for habeas corpus relief. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's applications for writ of habeas corpus should be dismissed.

**Background**

According to Petitioner, he is incarcerated in the Washington County Jail. He is being held on criminal charges that were brought against him in Washington County in Cause No. 15,824. Those charges are currently pending; he has not yet been convicted or sentenced.

He files the current petition for writ of habeas corpus by a person in state custody alleging the indictment presented against him is untimely and the District Attorney failed to show good cause for the delay. According to Petitioner, he objected to the untimely indictment at a pretrial hearing held on April 7, 2011, at which he was proceeding pro se, but his objection was overruled. Petitioner also complains his court-appointed attorney, who represented him before Petitioner was allowed to proceed pro se, provided ineffective assistance of counsel because counsel failed to move to dismiss the untimely indictment. Petitioner asserts his case is set for a jury trial on April 18, 2011.[1] He requests the Court to dismiss the indictment and release him from custody.

**Analysis**

Although Petitioner used forms for filing a habeas corpus application by a person in state custody pursuant to 28 U.S.C. § 2254, it is well-established a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as [Petitioner]'s are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending

---

[1] Court personnel contacted the Washington County District Clerk to determine the status of Petitioner's trial. According to the Clerk, Petitioner was appointed counsel and his trial was continued until September 6, 2011.

against him."). Accordingly, Petitioner's applications for habeas corpus relief should be construed as applications brought pursuant to 28 U.S.C. § 2241, as this is the proper.

Under § 2241 "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973). The Supreme Court's discussion in *Braden* shows this distinction typically turns on the type of relief sought by a petitioner: "an attempt to dismiss an indictment or otherwise prevent a prosecution" is normally not attainable through a federal habeas corpus action, while "an attempt to force the state to go to trial" is, although a requirement of exhaustion of state remedies must be met. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Thus, absent "special circumstances" pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224.

In the present case, Petitioner readily admits that his conviction is not yet final. The Court can find nothing in Petitioner's applications for writ of habeas corpus that indicates "special circumstances" exist which would allow the Court to consider the merits of his claims before he has been tried.

Moreover, Petitioner is required to show he is "in custody" and has exhausted his available state remedies in order to be eligible for habeas relief. *Braden*, 410 U.S. at 488-89; *Dickerson*, 816 F.2d at 224. In the present case, Petitioner represents he is in custody in the Washington County Jail.

However, Petitioner must also show he has exhausted his state court remedies, which he has not done.[2] *See Braden*, 410 U.S. at 490.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Although Petitioner indicates the trial court denied his request to dismiss his case, he gives no information about whether he appealed the outcome. In short, based on the information in the record, the state courts have not had the opportunity to consider or resolve the issues Petitioner raises. The exhaustion requirement is obviated only if "special circumstances" exist, *see Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489), which the Court has already found is not the case in the present action. Therefore, absent a showing the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Petitioner's claims, comity requires this Court to defer.

In sum, Petitioner's applications for federal habeas corpus relief must be dismissed because his claims are insufficient under *Braden* to justify federal habeas relief and because he has failed to exhaust state remedies. Pre-trial habeas relief is not available to consider his claims under the circumstances of this case, as federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Dickerson*, 816 F.2d at 229.

---

[2]Although § 2241 does not contain an express exhaustion requirement, exhaustion is nevertheless required where pre-trial issues are concerned, under the theory that federal courts should abstain from interference with matters that are pending in the state courts "if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489-92 (citations omitted)). Thus, an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.* (citing *Braden*, 410 U.S. at 490-91).

## RECOMMENDATION

It is therefore recommended that Petitioner's Applications for Writ of Habeas Corpus be construed as applications brought pursuant to 28 U.S.C. § 2241 and be dismissed without prejudice.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of April, 2011.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE